PATRICK O'REILLY *et al. vs.* WALTER L. CLARKE, *C. T.*

JUNE 16, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1) Taxation. Overtaxation. Illegal Taxation. Return.*

Plaintiff leased a parcel of land to the State on which the State erected a building which by agreement was to be deemed the personal property of the State. The building was assessed to plaintiff. Plaintiff paid the tax. On action to recover amount paid as paid under mistake of fact:—

*Held,* that while the building was exempt from taxation as the property of the State, nevertheless plaintiff was subject to taxation on the land and the case was one of overtaxation, and as he failed to make a return he was remediless.

*Held,* further, that there was no equity favoring plaintiff for an examination of the assessment roll would have disclosed the mistake and without examination or protest he voluntarily paid the tax.

Action to recover taxes. Heard on exception of plaintiffs and overruled.

Stearns, J. The action is to recover for taxes paid by plaintiffs without protest to the city of Providence. Jury trial was waived and the case was heard by a justice of the Superior Court on an agreed statement of facts. After a decision for defendant, the case is here on plaintiffs' bill of exceptions.

The plaintiffs, husband and wife, owned several parcels of real estate separately and one jointly. The parcel owned jointly was leased to the State of Rhode Island. The lease, which was recorded in 1922, contained the provisions that any building erected by the State on this lot should be deemed to be the personal property of the State and that the State might remove such building at the termination of the lease. The State erected a building, which was assessed to plaintiffs as an improvement upon their land. Each of the plaintiffs received from the City separate tax bills for real estate tangible and intangible personal estate and the amount of tax due thereon and plaintiffs also received a bill for the real estate owned by them jointly. The entire amount of the different taxes, $1,586.74, assessed against plaintiffs individually and jointly was paid by check October 20, 1923. Plaintiffs later petitioned the city council for remission of the tax on the building. This petition was denied and suit was then begun to recover the amount of this tax, which it is agreed was $230.

The claim is that this assessment on the building was void and that payment of the tax was made under a mistake of fact and can not be considered as a voluntary payment.

The building being on leased land and the lease having been recorded was, for the purposes of taxation, real estate, (1) G. L. 1923, C. 59, sec. 2; and as it belonged to the State it was exempt from taxation, C. 58, sec. 2. G. L. 1923, C. 60, sec. 6, provides that all persons who are required to return an account to the assessors to be entitled to any exemption

from taxation are required to render said account annually to the assessors. No claim of exemption of this building was made for the reason presumably that State property is exempt and the State is not required to render an account. The plaintiffs did not bring in to the assessors an account of their ratable estate. The assessors made the list of ratable property including therein in separate columns the lot and the building (G. L. 1923, C. 60, sec. 8), and assessed the tax on both to plaintiffs jointly. The statutory provisions providing for notice to taxpayers to bring in statements and for hearings, and requiring the assessors to make lists with separate columns for the different kinds of ratable property are intended to benefit the taxpayer, and are mandatory. *Young* v. *Joslin*, 13 R. I. 675; *Matteson* v. *Warwick & Coventry Water Co.*, 28 R. I. 570. As was said in the *Mattison* case one benefit secured by the taxpayer who returns a statement is the privilege of disputing the amount of the assessment if it exceeds his own valuation. The making of a statement is optional with the taxpayer, but, as provided in C. 60, sec. 7, "whoever neglects or refuses to bring in such an account, if overtaxed, shall have no remedy therefor." This building should not have been taxed as part of plaintiff's lot. In assessing it to plaintiffs, the assessors unknowingly exceeded their authority. This case is different from *Bishop* v. *Tax Assessors*, 47 R. I. 351. In that case the assessors knowingly made an excessive assessment, and the taxpayer who without fault was unable to make a return, was held to be entitled to recover the amount paid in excess of the proper tax. The duty of the assessors (sec. 14) whether or not a statement is made, is to assess the taxpayer's ratable estate at what they deem its full and fair cash value. Any excessive valuation is unwarranted; but for such overtaxation the taxpayer who has neglected or refused to bring in his account has no remedy. In *Tripp* v. *Torrey*, 17 R. I. 359, A. neglected to make a return and was assessed for personal property valued at $5,000. He owned a watch and some stock in a corporation which was not subject to a

tax in this State. It was held that as the watch was ratable estate and therefore liable to taxation it was incumbent on him to carry in an account of it to the assessors; that, even although if he had done so, and it had appeared that he was indebted to an amount greater than its value and hence was not liable to be taxed for it, nevertheless the case was one of overtaxation rather than an illegal taxation and that A. was remediless. It may be admitted that this was a strict application of the statute, but the authority of the Tripp case is unquestioned. In the case at bar plaintiffs were subject to taxation on the land. The building thereon was taxable as real estate at the same rate. The total tax on land and building was an overtaxation of plaintiffs. They failed to make a return and took a chance of an overvaluation by the assessors and they now have no remedy for their overtaxation. The result is not inequitable. An examination of the assessment roll would have disclosed the mistake of the assessors. Without such examination and without protest, plaintiffs voluntarily paid the tax. It is doubtful if there has been in fact an overvaluation of the land. If there has been, plaintiffs by their conduct have lost any right to a remedy. Any mistake in the payment arises from plaintiffs' neglect and does not avoid the rule and give a right of recovery to plaintiffs.

The exception of plaintiffs is overruled and the case is remitted to the Superior Court with direction to enter judgment on the decision.

*John P. Beagan, Joseph E. Beagan,* for plaintiffs.

*Elmer S. Chace, City Solicitor, Herbert E. Eklund, Asst. City Solicitor,* for respondent.